# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACY STOKES,

          Plaintiff,

v.                                              Case No. 07-C-0496

DAVID BETH,

          Defendant.

## ORDER

Pro se plaintiff Tracy Stokes brings this § 1983 action alleging that defendant David Beth, the Kenosha County Sheriff, deprived him of a number of constitutional rights. Defendant now moves for summary judgment. Plaintiff does not contest defendant's motion except as to the denial of access to the courts claim, but moves to amend his other claims.

As to the motion to amend, under Rule 15(a), after service of a responsive pleading, a party may amend a pleading only with his opponent's consent or the court's leave. Defendant does not consent. I have discretion as to whether to grant leave to amend, and I need not grant such leave if doing so would cause undue delay or prejudice or when the amendment is in bad faith or would be futile. Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861-62 (7th Cir.2001). In the present case, I will deny plaintiff's motion to amend. Plaintiff did not file the motion until after the close of discovery and after defendant's motion for summary judgment. The only purpose of plaintiff's motion appears to be to avoid summary judgment and keep his claims alive without having to support them, and he provides no indication as to nature of the amendments he has in mind. Thus,

plaintiff gives me no reason to allow him to amend. I will also grant defendant's motion for summary judgment on the claims that plaintiff does not contest. Based on the evidence in the record, no reasonable jury could find for plaintiff on these claims.

With respect to plaintiff's denial of access to the courts claim, I will also grant defendant's motion for summary judgment, although on a different ground. In 1990, plaintiff was convicted of armed robbery in Kenosha County pursuant to his no-contest plea. In 2006, while he was detained in the Kenosha County jail, he attempted to do legal research in preparation for a post-conviction challenge to his conviction, but he claims that the jail had inadequate legal materials and that as a result, he lost his post-conviction motion. The problem with plaintiff's claim is that an individual who has been convicted of a crime may not obtain damages on a theory which implies that his conviction is invalid without first getting the conviction set aside. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff failed to have his conviction set aside, and his present claim is based on the notion that the conviction is invalid (otherwise his claim would have no value). See Hoard v. Reddy, 175 F.3d 531, 533-534 (7th Cir.1999). Thus, the claim is barred by Heck.

Therefore,

**IT IS ORDERED** that plaintiff's motion to amend is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 17 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge